At a Court of Over and Terminer held at this term, James Jones was indicted and tried for the murder in the first degree of Henry C. Ralston. Both parties together with four other colored men, were at the time when the murder was alleged to have been committed, in the employ and living at the house of Mr. S. Fisher, a farmer of the county. On the night of the occurrence while they were all up stairs, a quarrel arose between the prisoner and the deceased, about a lamp, during which the deceased cursed him and made some remarks to him when he replied that he would not get up and go down stairs and say that to him. The deceased said he would and jumped up and they all went down stairs into the yard, when the prisoner and the deceased at once commenced fighting, but Mr. Fisher soon stopped it, when they all went out into the public road where they renewed their fight, and when Mr. Fisher again went to *Page 22 
them to stop it, he found the prisoner down with the deceased on him, and pulled him off and separated them. As soon as that was done the deceased said he was badly stabbed. There were three wounds inflicted with a sharp pointed blade of a Barlow knife, two on his back and another between the eighth and ninth ribs on the left side about two inches in length and penetrating the stomach, and of which he died the next afternoon. The knife was taken from the pocket of the prisoner and was admitted by him to be the one with which he had inflicted the wounds. He also said in the morning after it was done, that he had cut him with a small knife, and wished that he had killed him; that Henry was always imposing on him and would not let him alone. His general good character was put in evidence and was proved by respectable witnesses and was not disputed.
For the State it was contended that there was sufficient proof of antecedent malice and of a premeditated design to kill or, at least, dangerously to cut and stab the deceased in the combat, to constitute a case of murder with express malice aforethought and in the first degree under the statute.
For the prisoner it was contended that it could not be deemed or held to be under the facts and circumstances proved, any offence above the grade of manslaughter.
At common law the crime of murder consists in the killing of a human being with malice aforethought, either express or implied, and is of but one degree, and the same constitutes the crime of murder in this State under the present statute, for it has introduced no essential change or alteration in that respect in the offence as it exists at common law, although it divides and defines it in two degrees for the purpose of discriminating in the punishment and penalties imposed by it according to the proof and the kind of malice with which the crime is committed.
When the crime is committed with express malice *Page 23 
aforethought, or in perpetrating, or attempting to perpetrate any crime punishable with death, that is to say in general, when it is committed with a sedate, deliberate mind and formed design to take the life of, or to do some great or serious bodily injury to, the person killed, and which deliberate intent is usually indicated by other and attending facts or circumstances, such as previous threats, former enmity and menaces, lying in wait, or in the preparation of means to effect the purpose, or intent, it is murder with express malice aforethought at common law and of the first degree under the statute; but when the crime is committed without any such sedate, cool or deliberate purpose, and without any such attending facts or circumstances, and also without any great or considerable provocation on the part of the person slain, and in the sudden heat of blood and passion thereby produced on the part of the accused, to mitigate or alleviate the offence, and thus to reduce the offence to a still lower grade' of homicide, it is murder with malice implied by law, as it is termed, and of the second degree under the statute. Any unlawful killing of a human being without malice such as we have just defined, is manslaughter at common law and under the statute; and whenever one person is killed by another, unless it be under sentence of the law, it is presumed in law to be unlawful and to have been done with malice aforethought, until the contrary appears.
The jury must therefore be satisfied by the proof in the case that the prisoner in killing the deceased, was actuated by express malice aforethought, or by implied malice as before defined, in order to convict him of murder in the first or second degree, according as the one or the other grade or degree of malice may have been shown or established by it to their satisfaction.
If upon a sudden brawl, two persons come to blows and in the sudden heat of passion produced by it, the one gives the other a mortal blow, or a fatal wound with a knife or weapon seized at the moment, without any previous *Page 24 
design, premeditation or preparation for it, although such an act is prompted by hatred, enmity, ill-will and desire to injure the other, yet out of the consideration and indulgence which the law has for the infirmities of human nature, under such circumstances of aggravation and provocation, it will not constitute murder at common law, or in either degree under the statute, but only the crime of manslaughter. But if on the contrary, the jury are satisfied from the evidence in the case that at the time when the altercation arose between the prisoner and the deceased, the prisoner was then actuated by malice against the deceased and invited him out to fight, either in the yard or afterward in the public road, for the purpose and with the design then formed in his mind, to stab him in the fight with the knife which he then had about him, the killing would in such case constitute not the crime of manslaughter merely, nor even murder in the second, but in the first degree under the statute. The Court, however, will take occasion to say that this must not be a matter of supposition or conjecture merely on the part of the jury, but must be proved like any other fact or ingredient necessary to constitute such a crime; and without proof of it to their satisfaction, it would not amount to murder in either degree under the statute, but to the crime of manslaughter only.
 Verdict — Guilty of manslaughter.